UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK JUDGE, et al.,

     Plaintiffs,

v.                                  CASE NO. 8:17-cv-201-T-23CPT

UNIGROUP, INC., et al.,

     Defendants.
_____/

## **ORDER**

     A September 8, 2017 order (Doc. 62) compels several of the plaintiffs to arbitrate their claims.  On March 7, 2018, Joe Lotts, Jerry Taylor, and John Mumby filed (Docs. 78, 79, and 80) notices of consent to join the action.  Moving (Doc. 82) to compel arbitration of Lotts's claims, Taylor's claims, and Mumby's claims, the defendants argue that "because [Lotts, Taylor, and Mumby] entered enforceable arbitration agreements that encompass their [Fair Labor Standards Act] claims, they are not exempt from the [Federal Arbitration Act], and Defendants can enforce their arbitration agreements pursuant to the relevant state contract law governing the agreements."  (Doc. 82 at 2)

     The independent-contractor operating agreements ("ICOA") between Lotts (Doc. 82-3), Taylor (Docs. 82-4 and 82-5), and Mumby (Doc. 82-6), on one side, and their agents, on the other side, are similar to the ICOAs examined in the September 8

order: Each agreement requires the parties to arbitrate, and each agreement prohibits a consolidated or class arbitration.  This order incorporates and adopts pages one through seven of the September 8 order, which holds that the plaintiffs' claims originate in the ICOAs, that the arbitration clauses and the class waivers are enforceable, and that the plaintiffs fail to establish that they are Section-1-exempt employees.  The remaining question is whether the defendants, non-parties to the agreements, can compel arbitration.

**Enforcement by a non-party**

The plaintiffs argue that the defendants cannot compel arbitration because the defendants are not parties to the agreements.  But a non-party can compel arbitration "if the relevant state contract law allows him to enforce the [arbitration] agreement." *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1171 (11th Cir. 2011).  State law controls whether a non-party can use an arbitration clause in a contract to compel arbitration of a dispute between the non-party and the signatory.  *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009); *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017).

Florida law governs Lotts's agreement (Doc. 82-3 at ¶ 24), Arkansas law governs Taylor's agreement (Doc. 82-4 at ¶ 24), Oklahoma law governs Taylor's second agreement (Doc. 82-5 at ¶ 24), and Michigan law governs Mumby's agreement (Doc. 82-6 at ¶ 24).

**Florida**

For the reasons stated at pages eight through nine of the September 8 order, the defendants can compel arbitration of Lotts's agreement.

**Arkansas**

Arkansas law holds that "equitable estoppel can apply when a signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting claims against the nonsignatory." *Bigge Crane & Rigging Co. v. Entergy Arkansas, Inc.*, 457 S.W.3d 265, 273 (Ark. 2015). The defendants argue that Taylor must "rely upon the terms of the ICOA to assert his claims against Defendants; . . . the ICOA . . . authorized Taylor to perform interstate household goods moving services . . . . The ICOA governs the moving services that Taylor provided, and Taylor's claims depend on the existence of the ICOA." (Doc. 82 at 11) But the Arkansas appellate courts offer scant guidance on whether Arkansas law permits a non-party to enforce an arbitration agreement.

Citing *Cook v. U.S. Fid. & Guar. Co.*, 216 Ark. 743, 745 (1950), Taylor asserts that Arkansas law prohibits a third party from recovering on a contract that the contracting parties never intended to benefit the third party. Taylor argues that the defendants are incidental beneficiaries to the ICOA. (Doc. 87 at 5) According to Taylor, the defendants mistakenly apply *Cook* because Taylor need not rely on the ICOA to assert his FLSA claims against the defendants.

Also, Taylor asserts that the defendants cannot rely on promissory estoppel because the defendants have failed to "make any arguments of prejudice or detrimental reliance as to Taylor." (Doc. 87 at 8)  Estoppel requires detrimental reliance.  *Anderson's Taekwondo Ctr. Camp Positive, Inc. v. Landers Auto Grp. No. 1, Inc.*, 2015 Ark. 268 at \*9 (2015).  The defendants advance neither fact nor law establishing detrimental reliance.  The defendants cannot compel arbitration of the agreement governed under Arkansas law.

**Oklahoma**

Oklahoma law holds that a non-party can enforce an arbitration agreement (based on estoppel) "when the claims are integrally related to the contract containing the arbitration clause." *B.A.P., L.L.P. v. Pearman*, 250 P.3d 332, 339 (Okla. Ct. App. 2011).  "Further, given the scarcity of authority on the issue in Oklahoma law, and the similarities between federal and Oklahoma arbitration law . . . we find opinions from the federal circuit courts on this issue are also instructive. The federal circuit courts generally follow the analysis in *Long*."[1]  *B.A.P.*, 250 P.3d

---

[1] "In *Long v. DeGeer*, 1987 OK 104, 753 P.2d 1327, the defendant moved to compel arbitration based on a clause contained in an agreement to which he was not a party but had signed in his capacity as agent for his principal. . . . The Oklahoma Supreme Court, applying New York state law, found that despite the lack of a contractual relationship between the parties to the dispute, 'the nonsignatory agent handling matters within the scope of the arbitration agreement' was entitled 'to bring questions concerning those matters into arbitration under the agreement....' Id. ¶ 7, 753 P.2d at 1329. The Court relied on the fact 'that the basis for the action against appellant was the existence of the ... agreement' and the defendant's actions in carrying out the business that was the subject matter of the agreement. Id. ¶ 6, 753 P.2d at 1328. Because '[t]he arbitration agreement ... provided for arbitration of disputes arising out of or relating to' the subject of the agreement and transactions concerning the agreement, the Court found that the dispute 'clearly lies within the ambit of the arbitration provision.'Id. ¶ 7, 753 P.2d at 1329." *B.A.P.*, 250 P.3d at 338.

at 339–340.  In sum, a non-party can compel arbitration of a claim "arising out of and relating to his duties under" an agreement.  *B.A.P.,* 250 P.3d at 340.

Citing Florida law and Eleventh Circuit precedent,[2] the defendants argue that they can enforce the arbitration agreement if Taylor's allegations are "intimately founded in and intertwined with the underlying contract obligations." (Doc. 82 at 12)  "Like the claims of [Oliveira] and [Judge], . . . Taylor's claims that he was misclassified as an independent contractor are intimately found in and intertwined with the agreement classifying him as such, and Defendants can enforce Opt-In Plaintiff Taylor's claims pursuant to Oklahoma law."  (Doc. 82 at 12)

The arbitration clause covers "[a]ny dispute . . . arising in connection with or relating to [the] agreement."  Taylor's allegation that he was an employee and thus entitled to relief under the FLSA is "intimately founded in and intertwined" with the agreement, which classifies him as an independent contractor; Taylor's argument that he is owed minimum wages under the FLSA depends on whether Taylor was mischaracterized as an independent contractor.  In sum, Taylor's FLSA claims "aris[e] out of and relat[e] to his duties" under the agreement.  The defendants can compel arbitration of the agreement governed under Oklahoma law.

---

[2] "[W]e find opinions from the federal circuit courts on this issue are also instructive.  The federal circuit courts generally follow the analysis in Long." *B.A.P.*, 250 P.3d at 339–340.

**Michigan**

Michigan law holds that a non-party can enforce an arbitration agreement if the claims are "so intertwined with the agreement containing the arbitration clause that it would be unfair to allow the signatory to rely on the agreement in formulating its claims but to disavow the availability of the arbitration clause of that same agreement." *Tobel v. AXA Equitable Life Ins. Co.*, No. 298129, 2012 WL 555801, at *9–12 (Mich. Ct. App. Feb. 21, 2012).  Stated simply, Michigan law holds that "estoppel[] is applicable to enforce a [non-party's] request for arbitration against plaintiffs." *Tobel*, 2012 WL 555801 at 10.  The defendants argue that Mumby's allegation that he was an employee entitled to relief under the FLSA — as opposed to an independent contractor not entitled to relief under the FLSA — is "intimately founded upon and intertwined with the agreement[] that classifie[s] [him] as [an] independent contractor[]."  Thus, the defendants argue, Michigan law allows the defendants to enforce the arbitration agreement.  (Doc. 82 at 10–11)

Mumby asserts that instead of relying on the ICOA as a basis for his claims against the defendants, he "[relies] upon the economic realities test mandated by the remedial purpose of the FLSA."  (Doc. 87 at 10)  Further, Mumby argues that "at no point has [he] ever relied upon the ICOA with Defendants' Michigan affiliate to bring his claims against Defendants."  (Doc. 87 at 11)  But Mumby's "economic realities test" argument lacks merit.  For the reasons stated by the defendants, Mumby is equitably estopped from arguing that his claims against the defendants are

not subject to arbitration, and the defendants may compel arbitration under Michigan law.

### CONCLUSION

The defendants' motion (Doc. 82) to compel arbitration is **GRANTED IN PART**.  Under 9 U.S.C. § 3, the parties must individually arbitrate (1) Lotts's claims, (2) Mumby's claims, and (3) Taylor's claims that arise from the ICOA (Doc. 82-5) between Taylor and Armstrong Transfer & Storage Co., Inc./Armstrong Relocation Company.  Lotts's claims, Mumby's claims, and Taylor's claims that arise from the agreement between Taylor and Armstrong are **STAYED** pending arbitration.  If the parties have not received the arbitral decision by **MAY 1, 2019**, the plaintiff must submit by May 8, 2019, a report detailing the status of the arbitration.

ORDERED in Tampa, Florida, on August 16, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE