UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN COFFMAN, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:17-cv-201-T-23CPT

UNIGROUP, INC., et al.,

    Defendants.
_____/

## **ORDER**

    Alleging that their employers failed to pay the minimum wage required by the Fair Labor Standards Act, several employees sue (Doc. 19) Unigroup and two Unigroup subsidiaries. Five of the plaintiffs previously settled (Doc. 120-1), and now John Coffman and David Lesperance agree to settle with the defendants. The parties move jointly (Doc. 155) for approval of the settlement.

    An FLSA action requires a district court or the Department of Labor to approve the settlement of an action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The joint motion for approval confirms the existence of a bona fide dispute between the parties, and the attorney's fee was not levied as a bargaining chip for the plaintiffs' respective recovery amounts. However, the settlement contains a release of "all claims for unpaid wages . . . [the plaintiffs] hereafter may have against Defendants" (Doc. 155-1 at ¶ 4.a.) and an unenforceable

non-publicity clause (Doc. 155-1 at ¶ 7). *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (Merryday, J.) ("[T]he employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim. . . . [A] pervasive release of unknown claims fails judicial scrutiny."); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) (Merryday, J.) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").

The release of all claims for unpaid wages the plaintiffs "hereafter may have," construed as a release of a claim for unpaid wages arising only before the plaintiffs filed this action, is permissible. But the non-publicity clause violates the FLSA and, consequently, is unenforceable. The parties observe that their settlement "is nearly identical to the agreement approved" in this action as to other plaintiffs. (Doc. 155) To the extent that each agreement contains an offending provision, approval of the offending provision was a regrettable oversight.

The motion (Doc. 155) for approval of this agreement is **DENIED**. No later than **NOVEMBER 15, 2019**, the parties may submit for approval a revised agreement.

ORDERED in Tampa, Florida, on October 25, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE